UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR ALFREDO REYES RUIZ,<br><br>                Petitioner,<br><br>    v.<br><br>MERRICK GARLAND,<br><br>                Respondent. | Case No. C21-1478-BHS-MLP<br><br>REPORT AND RECOMMENDATION |

Petitioner Oscar Alfredo Reyes Ruiz, a native and citizen of Nicaragua, brings this 28 U.S.C. § 2241 immigration habeas action through counsel. (*See* Pet. (dkt. # 5).) On December 8, 2021, Respondent Merrick B. Garland filed a return memorandum and motion to dismiss the petition. (Mot. (dkt. # 8).) Mr. Reyes Ruiz did not file an opposition. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the Government's motion to dismiss be GRANTED, Mr. Reyes Ruiz's habeas petition be DENIED, and this action be DISMISSED without prejudice.

## I.    BACKGROUND

On November 1, 2021, Mr. Reyes Ruiz initiated the instant action. (Dkt. # 1.) In his habeas petition, he challenges an August 5, 2021 "removal decision from the immigration

REPORT AND RECOMMENDATION - 1

judge." (Pet. at 3.) His petition states that the ground for the challenge is "violation of [his] fundamental due process right" and further explains that he has "been detained since March 2021 with no dateline or date as to how long [he will] be detained." (*Id.* at 7.) Mr. Reyes Ruiz's petition states that he appealed the August 2021 removal order to the Board of Immigration Appeals ("BIA"), which dismissed the appeal. (*Id.* at 5-6.) He appealed this denial to the Ninth Circuit Court of Appeals. (*Id.* at 6.) He states the issue raised as follows:

> I was not able to understand the Spanish translation from the interpreter assigned at my asylum interview, which constitute[s] an unfair process because I was not able to understand and properly respond to all the questions in my native language. I believe that this constitutes a violation of my rights in looking for safety in this Country.

(*Id.*)

## II. DISCUSSION

The Government contends that, because this action is "inextricably linked to the validity of his removal order," it is outside this Court's jurisdiction. (Mot. at 4.) The Court agrees. Mr. Reyes Ruiz specifically identified the "decision or action" he is challenging as the August 2021 "removal decision." (Pet. at 3.) This Court lacks jurisdiction to adjudicate challenges to removal orders.

In the REAL ID Act of 2005, Congress amended the Immigration and Nationality Act to "expressly eliminate[ ] habeas review over all final orders of removal ...." *Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007). It provided that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal[.]" 8 U.S.C. § 1252(a)(5); *see Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005) (under REAL ID Act, a petition for review in the court of appeals "is now the exclusive means for challenging final removal orders by the BIA").

REPORT AND RECOMMENDATION - 2

1    The REAL ID Act was "not intended to 'preclude habeas review over challenges to
2 detention that are independent of challenges to removal orders.'" *Singh v. Holder*, 638 F.3d
3 1196, 1211 (9th Cir. 2011) (quoting H.R. Rep. No. 109-72 at 175 H.R. Rep. No. 109-72 at 175).
4 Accordingly, as a general rule, noncitizens "may continue to bring collateral legal challenges to
5 the Attorney General's detention authority . . . through a petition for habeas corpus." *Id.* (quoting
6 *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008)). But while the
7 courts must be careful "not to unduly circumscribe district courts' habeas jurisdiction," they
8 "should also avoid the opposite pitfall, and recognize the lack of jurisdiction where a habeas
9 petition 'directly implicate[s] the order of removal.'" *Id.* (quoting *Nnadika v. Att'y Gen. of U.S.*,
10 484 F.3d 626, 632 (3d Cir. 2007)).

    Here, Mr. Reyes Ruiz directly challenges his "removal decision." (Pet. at 3.) Vague
references to "due process violations" or the length of detention do not suffice to create a
collateral legal challenge that this Court has jurisdiction to hear.[1] (*Id.* at 7.) Mr. Reyes Ruiz's
claim does not bring a collateral challenge to his detention but is instead a direct challenge to the
order removing him from the United States. Mr. Reyes Ruiz may not bring such a challenge in
this Court; instead, judicial review of his removal order is only available from the Ninth
Circuit—where he has a pending petition for review. (*Id.* at 6) This Court lacks jurisdiction to
consider Mr. Reyes Ruiz's claim.

### III.    CONCLUSION

The Court recommends that the Government's motion to dismiss (dkt. # 8) be
GRANTED, Mr. Reyes Ruiz's habeas petition (dkt. # 5) be DENIED, and this action be

---

[1] If Mr. Reyes Ruiz is attempting to challenge the indeterminacy of his detention, a new petition expressly raising that issue would not be barred by the dismissal without prejudice of the instant petition that this Court recommends.

REPORT AND RECOMMENDATION - 3

DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 11, 2022**.

Dated this 27th day of January, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4